# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARTHA B. HOLCOMB,<br>             Appellant, | DOCKET NUMBER<br>AT-0752-13-0575-C-1 |
|             v. | |
| DEPARTMENT OF THE TREASURY,<br>             Agency. | DATE: September 20, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey W. Bennitt, Esquire, Birmingham, Alabama, for the appellant.

Byron D. Smalley, Esquire, and Felix M. Digilov, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed her petition for enforcement for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

On May 20, 2013, the appellant filed a Board appeal contending that she had been involuntarily demoted from her GS-13 Supervisory Revenue Officer position.  *Holcomb v. Department of the Treasury*, MSPB Docket No. AT-0752-13-0575-I-1, Initial Appeal File (IAF), Tab 1.  The administrative judge initially dismissed the appeal for lack of jurisdiction finding that the appellant failed to make nonfrivolous allegations of Board jurisdiction.  IAF, Tab 9.  On review, the Board reversed the administrative judge's initial decision, finding that the appellant had made nonfrivolous allegations of Board jurisdiction, and remanded the appeal for further adjudication.  *Holcomb v. Department of the Treasury*, MSPB Docket No. AT-0752-13-0575-I-1, Remand Order (July 9, 2016); *Holcomb v. Department of the Treasury*, MSPB Docket No. AT-0752-13-0575-B-1, Remand File (RF), Tab 1.

On remand, the parties entered into a settlement agreement resolving the appeal, and the administrative judge issued a remand initial decision dismissing the appeal as settled.  RF, Tab 9, Remand Initial Decision (RID).  In the remand

initial decision, the administrative judge stated that he had informed the parties that he could not enter the settlement agreement into the record for enforcement because the issue of the Board's jurisdiction over the appeal remained unresolved. RID at 1-2. He also noted that he had placed a copy of the settlement agreement in the appeal file for the limited purpose of evidencing that the appellant had withdrawn her appeal pursuant to a settlement agreement. RID at 2. Neither party filed a petition for review of that decision, which became the final decision of the Board. *Id*.; *see* 5 C.F.R. § 1201.113.

¶4　　The appellant subsequently filed a petition for enforcement of the settlement agreement. Compliance File (CF), Tab 1. The administrative judge issued a compliance initial decision dismissing the appellant's petition for enforcement for lack of jurisdiction. CF, Tab 17, Compliance Initial Decision (CID). The administrative judge found that the Board lacks jurisdiction to enforce the settlement agreement at issue because it was not entered into the record for enforcement. CID at 2-3.

¶5　　The appellant has filed a petition for review in which she contends that the Board has jurisdiction over her underlying appeal and should therefore enforce the settlement agreement. Compliance Petition for Review (CPFR) File, Tab 1 at 2-5. [2] The agency has opposed the appellant's petition. CPFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6　　The Board will incorporate a settlement agreement into the record and enforce its terms if the following requirements are met: (1) the parties intended that the agreement be enforced by the Board; (2) the Board has jurisdiction over the appeal; and (3) the agreement is lawful on its face and was freely reached and understood by the parties. *Spidel v. Department of Agriculture*, 113 M.S.P.R. 67, ¶ 6 (2010).

---

[2] The appellant also filed a nearly identical amended petition for review which we have also considered. CPFR File, Tab 2.

¶7      The Board has the authority to enforce the terms of a settlement agreement that has been entered into the record. *See, e.g.*, *Kowalczyk v. Department of the Army*, 44 M.S.P.R. 616, 623 (1990). However, it is well settled that the Board does not have the authority to enforce a settlement agreement that was not entered into the Board's record for enforcement purposes. *See, e.g.*, *Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996).

¶8      We find unavailing the appellant's argument on review that the Board's remand order found jurisdiction over her appeal. CPFR File, Tab 1 at 5. The Board did not make a jurisdictional finding; but rather, found that the appellant raised nonfrivolous allegations of Board jurisdiction entitling her to a jurisdictional hearing. RF, Tab 1 at 4-5. Because the parties agreed to postpone the hearing and, instead, settled the appeal, the administrative judge did not make a jurisdictional finding on remand. RID at 1-2.

¶9      On review, the appellant, who is represented by the same counsel as in the initial proceedings, does not contend that the parties intended for the settlement agreement to be entered into the record for enforcement. Nor does she dispute that the administrative judge informed the parties that the settlement agreement would not be entered into the record for enforcement. RID at 1-2; CID at 2-3. The appellant also did not file a petition for review challenging the remand initial decision's dismissal of the appeal as settled without entering the settlement agreement into the record for enforcement.

¶10     Thus, when, as here, the parties elected to settle an appeal without entering the settlement agreement into the record for enforcement purposes, the Board lacks jurisdiction to adjudicate a petition for enforcement of the settlement agreement. *See Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006) (finding that the Board lacked jurisdiction to entertain a petition for enforcement when the parties did not object to the appeal being dismissed pursuant to a settlement agreement that was not entered into the record); *Lopez*, 71 M.S.P.R. at 462, 464 (finding that the Board lacked the authority to adjudicate

a petition for enforcement when the parties agreed to settle the appeal without incorporating the agreement into the record for enforcement purposes); *Pelatti v. Department of the Navy*, 45 M.S.P.R. 33, 36 (1990) (finding that the Board lacked the authority to enforce a settlement agreement that was not made a part of the record).

¶11        Accordingly, we find that the administrative judge properly dismissed the appellant's petition for enforcement for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance

is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.